UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

CAMERON FARASH, individually and on
behalf of all others similarly situated,

                Plaintiff,

     v.

CENTRAL RESEARCH INC., an Arkansas
corporation,

                Defendant.
_____

**CLASS ACTION
COMPLAINT**

Civ. No.

Trial by Jury is Demanded

Plaintiff, CAMERON FARASH (hereinafter referred to as "PLAINTIFF"), by and through undersigned counsel, individually and on behalf of all others similarly situated, alleges upon knowledge as to himself and his own acts, and upon information and belief as to all other matters, and brings this Complaint against Defendant, CENTRAL RESEARCH INC. (hereinafter referred to as "DEFENDANT") and in support thereof alleges the following:

## PRELIMINARY STATEMENT

1.     PLAINTIFF brings this action for actual and statutory damages arising from DEFENDANT's violations of the Fair Debt Collection Practices Act (hereinafter referred to as the "FDCPA"), 15 U.S.C. § 1692, *et seq.*

## JURISDICTION AND VENUE

2.     The Court has jurisdiction over this action pursuant to 15 U.S.C. § 1692k(d).

3.     Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claim occurred in the Western District of New York.

## PARTIES

4.     PLAINTIFF is a natural person residing in Rochester, New York.

5.      PLAINTIFF is a "consumer" as defined in the FDCPA at 15 U.S.C. § 1692a(3).

6.      PLAINTIFF allegedly owes a (past due) consumer "debt" relating to a student loan as defined by 15 U.S.C. § 1692a(5).

7.      DEFENDANT was formed under the laws of Arkansas, the principal purpose of whose business is the collection of debts, with a principal place of business at 122 North Bloomington Street, Suite 1, Lowell, Arkansas, 72745.

8.      PLAINTIFF is informed and believes, and thereon alleges, that DEFENDANT regularly collects or attempts to collect consumer debts owed or due or asserted to be owed or due another and that DEFENDANT is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## STATEMENT OF FACTS

9.      PLAINTIFF repeats, re-alleges, and incorporates by reference, paragraphs 1 through 8 inclusive, above.

10.     On or about March 27, 2019, DEFENDANT mailed a form letter to PLAINTIFF in connection with the collection of a federally insured student loan showing an account balance of $105,048.25, a true and correct copy of which is attached as **Exhibit 1**.

11.     PLAINTIFF's account balance is increasing daily due to the addition of interest and fees.

12.     For example, on or about April 18, 2019, PLAINTIFF's account balance was $105,817.19.

13.     This letter does not disclose that PLAINTIFF's balance may increase due to the addition of interest and fees.  *Id.*

14. This letter also does not disclose that the amount of debt will increase over time, or that DEFENDANT will accept payment of the amount set forth in full satisfaction of the claim if payment is made by a specified date. *Id.*

## CLASS ACTION ALLEGATIONS

15. PLAINTIFF repeats, re-alleges, and incorporates by reference, paragraphs 1 through 14 inclusive, above.

16. PLAINTIFF brings this claim individually and on behalf of all others similarly situated for the purpose of asserting the claim alleged in this Complaint on a common basis. PLAINTIFF's proposed class is defined under Federal Rules of Civil Procedure ("Fed. R. Civ. P.") 23(b)(3), and PLAINTIFF proposes to act as representative of the following class:

   a. Class One: a class consisting of consumers who:

      i. Reside in New York; and

      i. Within one year prior to the filing of this action;

      ii. Received a collection letter from DEFENDANT;

      iii. In substantially the same form as that attached as Exhibit 1;

      iv. Where the consumer's balance was increasing due to interest or fees.

17. PLAINTIFF does not know the exact size or identities of the class, as DEFENDANT maintains exclusive control of such information. PLAINTIFF believes that the class includes between 1,000 and 5,000 individuals whose identities can be readily determined from DEFENDANT's business records. Therefore, the proposed class is so numerous that joinder of all members is impracticable.

18. All class members have been affected by the same conduct. The common questions of law and fact predominate over any questions affecting only individual members of the class.

These questions include, but are not limited to:

    a.   Whether DEFENDANT's letter violated 15 U.S.C. § 1692e by not disclosing that the balance would increase due to interest and fees, or that the balance would increase over time, or that DEFENDANT would accept payment in full for a specified sum if received by a particular date, when the balance was increasing due to the addition of interest and fees;

    b.   The identities of individuals who received a substantially similar collection letter from DEFENDANT; and

    c.   The total number of collection letters that DEFENDANT mailed to consumers.

19.    PLAINTIFF's claims are typical of the claims of the class and do not conflict with the interests of any other class members.  PLAINTIFF and the members of the class were uniformly subjected to the same conduct.

20.    Upon information and belief, DEFENDANT has a practice and policy of intentionally and systematically sending collection letters to consumers which do not state that the balance is increasing due to interest and fees, when such account balance is increasing due to interest and fees.

21.    PLAINTIFF will fairly and adequately represent the class members' interests and has retained counsel who are qualified to pursue this litigation.  PLAINTIFF's counsel focuses on prosecuting FDCPA lawsuits.

22.    PLAINTIFF is committed to vigorously pursuing his claims.

23.    A class action is superior for the fair and efficient adjudication of the class members' claims as Congress specifically envisioned class actions as a principal means of

enforcing the FDCPA.  *See* 15 U.S.C. § 1692k.  The members of the class are generally unsophisticated consumers whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the class would also create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards and would not be in the best interest of judicial economy.

24.     A class action regarding the issues in this case does not create any problems of manageability.

25.     If facts are discovered to be appropriate, PLAINTIFF will seek to certify the class under Rule 23(b)(3) of the Federal Rules of Civil Procedure.

## FIRST CLAIM FOR RELIEF

**VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692e
BROUGHT BY PLAINTIFF INDIVIDUALLY
AND ON BEHALF OF THE CLASS**

26.     PLAINTIFF repeats, re-alleges, and incorporates by reference, paragraphs 1 through 25 inclusive, above.

27.     A debt collector "may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt."  15 U.S.C. § 1692e.

28.     15 U.S.C. § 1692e "requires debt collectors, when they notify consumers of their account balance, to disclose that the balance may increase due to interest and fees."  *Avila v. Riexinger & Assocs., LLC*, 817 F.3d 72, 74 (2d Cir. 2016).

29.     If the collector does not notify the consumer that their account balance may increase due to interest and fees, they may nevertheless avoid liability under 15 U.S.C. § 1692e

> if the collection notice either accurately informs the consumer that the amount of the debt stated in the letter will increase over time, or clearly states that the holder of the debt will accept payment of the amount set forth in full satisfaction of the debt if payment is made

by a specified date.

*Id.* at 77.

30.     On or about March 27, 2019, DEFENDANT mailed a form letter to PLAINTIFF in connection with the collection of a federally insured student loan showing an account balance of $105,048.25.  Ex. 1.

31.     PLAINTIFF's account balance is increasing daily due to the addition of interest and fees.

32.     For example, on or about April 18, 2019, PLAINTIFF's account balance was $105,817.19.

33.     This letter does not disclose that PLAINTIFF's balance may increase due to the addition of interest and fees.  *Id.*

34.     This letter also does not disclose that the amount of debt will increase over time, or that DEFENDANT will accept payment of the amount set forth in full satisfaction of the claim if payment is made by a specified date.  *Id.*

35.     By not including any of the relevant disclosures in the letter, DEFENDANT violated 15 U.S.C. § 1692e.

36.     This misrepresentation would mislead the least sophisticated consumer.

37.     This misrepresentation would influence the decision-making process of the least sophisticated consumer in a material manner.

38.     As a result of the FDCPA violations by DEFENDANT, PLAINTIFF is entitled to an award of statutory damages.

39.     It has been necessary for PLAINTIFF to obtain the services of an attorney to pursue this claim, and is entitled to recover reasonable attorneys' fees therefor.

40.     PLAINTIFF has suffered the concrete injury of being deprived of his right to not receive communications from debt collectors that contain material misrepresentations, and he therefore has standing for the purposes of Article III.

## DEMAND FOR JURY TRIAL

41.     Please take notice that PLAINTIFF demands trial by jury in this action.

## PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF respectfully prays that this Court grant the following relief in PLAINTIFF's favor, and that judgment be entered against DEFENDANT for the following:

(1)     For actual damages incurred by PLAINTIFF pursuant to 15 U.S.C. § 1692k(a)(1);

(2)     For statutory damages awarded to PLAINTIFF, not to exceed $1,000, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

(3)     For statutory damages awarded to the Class Members, pursuant to 15 U.S.C. § 1692k(a)(2)(B), of the amount not to exceed the lesser of $500,000 or 1 per centum (1%) of the net worth of DEFENDANT;

(4)     For reasonable attorneys' fees for all services performed by counsel in connection with the prosecution of these claims;

(5)     For reimbursement for all costs and expenses incurred in connection with the prosecution of these claims; and

(6)     For any and all other relief this Court may deem appropriate.

Dated: Rochester, New York.
       May 15, 2019

Respectfully Submitted,

**DOUGLAS FIRM, P.C.**

/s/ Alexander J. Douglas

ALEXANDER J. DOUGLAS
New York Bar No. 5343892
36 West Main Street, Suite 500
Rochester, NY  14614
Tel: (585) 568-2224
Fax: (585) 546-6185
alex@lawroc.com